NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4573-13T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

JULIO C. MARCELO a/k/a
JUAN MARTINEZ, and JULIO MORCELO,

 Defendant-Respondent.

_________________________________

 Submitted October 5, 2016 – Remanded October 25, 2016
 Resubmitted August 21, 2017 – Decided September 7, 2017

 Before Judges Nugent and Haas.

 On appeal from Superior Court of New Jersey,
 Law Division, Hudson County, Indictment No.
 11-03-0367.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Mark H. Friedman, Assistant
 Deputy Public Defender, of counsel and on the
 briefs).

 Esther Suarez, Hudson County Prosecutor,
 attorney for respondent (Lillian Kayed,
 Assistant Prosecutor, on the brief).

 Appellant filed a pro se supplemental brief.

PER CURIAM
 This case returns to us after our remand on two points. One

has been resolved.1 The other is whether there was a factual basis

for the trial court's finding of an aggravating factor during

defendant's sentencing proceeding. Based on the remand record,

we affirm defendant's sentence.

 A jury found defendant guilty of three counts of first-degree

robbery and one count of second-degree possession of a weapon for

an unlawful purpose, and a judge sentenced him to an aggregate,

extended prison term of twenty-five years. On appeal, we remanded

the case to have the court, among other things, explain certain

aspects of its sentencing decision. State v. Marcelo, No. A-4573-

13 (App. Div. Oct. 25, 2016).

 The facts the State developed at trial are detailed in that

opinion, id. (slip op. at 5-7), and need not be recounted in their

entirety. Significant to this appeal, the jury convicted defendant

of the gunpoint robbery of a salon. Present during the robbery

were the salon owner, her son, and two Universal Beauty Products

(UBP) employees. Id. (slip op. at 5). During the robbery,

"[a]fter taking money from the cash register, defendant grabbed

1
 The trial court had substituted a juror after deliberations
began, but there was no record of the substitution or the court's
instructions to the jury after the substitution occurred. We
remanded this matter so the court and the parties could reconstruct
the record. The transcript was located. The issue is moot.

 2 A-4573-13T1
the salon owner's son and struck him on his chest, arm and head

with the handle of the gun. The salon owner fainted for a brief

period." Ibid. Law enforcement officers apprehended defendant

shortly after the robbery. Id. (slip op. at 5-6).

 As previously noted, the jury found defendant guilty of three

counts of first-degree robbery and one count of second-degree

possession of a weapon for an unlawful purpose. At sentencing,

on one robbery count, the court sentenced defendant to an extended

twenty-five-year custodial term subject to the No Early Release

Act (NERA), N.J.S.A. 2C:43-7.2. On the other two robbery counts,

the court sentenced defendant on each count to a twenty-year

custodial term subject to NERA, the sentences to be served

concurrently to each other and to the twenty-five-year sentence

imposed on count two. The court merged the weapons offense. Id.

(slip op. at 4). During defendant's sentencing proceeding:

 [t]he court determined defendant was extended-
 term eligible as a persistent offender; found
 the aggravating factors enumerated in N.J.S.A.
 2C:44-1(a) (1) (nature and circumstances of
 the offense), (3) (risk of re-offense), (6)
 (extent of prior criminal record and
 seriousness of offenses), (9) (need for
 deterrence), and (12) (victim was a person
 who defendant knew or should have known was
 sixty years of age or older, or disabled); and
 sentenced defendant to a twenty-five year
 prison term on one of the first-degree robbery
 counts.

 [Id. (slip op. at 15).]

 3 A-4573-13T1
 We concluded the trial court had not violated the sentencing

guidelines and the sentence did not shock the judicial conscience.

Nonetheless, we remanded the matter in part, explaining:

 Here, it does not appear the trial court
 violated the sentencing guidelines, and
 defendant's sentence does not shock the
 judicial conscience in light of the record.
 The trial court did, however, find one
 aggravating factor that does not appear to be
 supported by the record, namely, N.J.S.A.
 2C:44-1(a)(12) (defendant knew or should have
 known a victim was age sixty or older).2
 Although in the absence of mitigating factors
 this may be a meaningless error, in view of
 the extended term sentence and the court's
 reasoning for imposing the sentence, we remand
 for the court to amplify the record by
 explaining the basis for its finding.

 If the court's finding of aggravating factor
 twelve has no basis in the record, the issue
 needs to be addressed. On remand, the court
 shall amplify the record by explaining the
 basis for finding aggravating factor twelve.
 If there is no support in the record for this
 finding, the court shall explain what effect,
 if any, the oversight had on the court's
 sentencing analysis. If resentencing is
 appropriate, the court shall resentence
 defendant.
 [Id. (slip op. at 16-17).]

2
 The State appends to its brief a police report containing the
age — sixty or older — of one of the victims. We assume the State
obtained this document from the pre-sentence report. The trial
court, however, did not reference the document when sentencing
defendant. Assuming the document was the basis for the court's
finding, the court did not explain either how defendant knew the
victim was age sixty or older or why defendant should have known
the victim was age sixty or older.

 4 A-4573-13T1
We retained jurisdiction.

 The trial judge explained his reason for finding aggravating

factor twelve as follows:

 I recall from the trial that one of the victims
 was clearly over 60. I recall that from her
 appearance. I don't remember who it was.

 I don't remember whether it was the owner
 of the salon or another woman who was present
 during the robbery. And I don't have any real
 way of telling who it was. But, I know that
 one of the victims was clearly -- a woman --
 was clearly over 60. And the robbery itself
 was not a two minute ordeal. I don't remember
 exactly how long the robbery was. I guess the
 videotape shows it. But, it was a rather
 prolonged event.

 . . . .

 The victims were not wearing stockings
 or masks. And it had to be apparent to the
 defendant that one of the women -- and again,
 I'm not sure which one she was -- was clearly
 over 60. You could tell by looking at her,
 both in the video and her age at the time of
 trial was such that at the time of the robbery
 she was -- she couldn't look that much
 different. She clearly was over 60. That was
 the basis for it. Does anybody have a
 transcript of the sentencing?

 MS. CIANCIMINO: Judge, I do.

 THE COURT: Did the prosecutor bring that up?
 Did the prosecutor ask -- because I have seen
 a transcript of the sentencing, and I haven't
 listened to the CourtSmart for it. Did the
 prosecutor ask me to find Aggravating Factor
 12?
 MS. CIANCIMINO: Judge, I believe that -- it

 5 A-4573-13T1
 seems too that Mr. Gaulkin submitted something
 in writing asking Your Honor to consider those
 aggravating factors. There was reference to
 something that was probably submitted to the
 Court.

 THE COURT: Okay. And there -- was something
 said out loud though at the sentencing by the
 assistant prosecutor about that?

 MS. CIANCIMINO: Yes. Judge, Mr. Gaulkin did
 -- it looks like he noted in his brief to the
 Court, he was asking Your Honor to find
 Aggravating Factor 1. And then also three,
 six, nine and 12. And he references, as were
 noted on Page 2 of my letter memorandum. But,
 he did not go into detail regarding
 Aggravating Factor 12.[3]

 Indisputably, "the aggravating and mitigating factors found

by the sentencing court [must be] based upon competent and credible

evidence in the record[.]" State v. Fuentes, 217 N.J. 57, 70

(2014) (citing State v. Roth, 95 N.J. 334, 364-65 (1984)). The

issue before us, really, is what constitutes competent and credible

evidence in the record; or, more specifically, what constitutes

competent evidence of a victim's age for purposes of aggravating

factor number twelve. Mindful that appearances can be deceiving,

it is arguable that one's appearance per se can never be considered

competent evidence of aggravating factor twelve. On the other

hand, it may be that an elderly person's appearance is such that

3
 Contrary to our assumption in our original opinion, see n.2,
supra, the police report was not part of the trial or sentencing
record.

 6 A-4573-13T1
no one could reasonably dispute that the person is sixty years old

or older.

 Here, at sentencing, the trial court did not explain the

basis for its finding of aggravating factor twelve. On remand,

in addition to explaining its reasons, the trial court noted:

"But, . . . she was clearly, most obviously over [sixty], not just

at the time of the trial, but at the time of the robbery also.

You could just see that. In fact, it was so obvious probably

that's why I didn't identify her, and probably that's why . . .

the assistant prosecutor didn't mention . . . which one it was."

 Because there was no proof at trial concerning any of the

victims' ages, and because the court at sentencing relied solely

on its perception of the victims' age, the better practice would

have been for the judge to discuss the issue with counsel at

sentencing before making a decision. Doing so would have given

defendant the opportunity to address the issue if he thought,

contrary to the court's view on remand, that one could not conclude

solely from the victim's appearance that she was at least sixty

years old.

 Having said that, we note defendant did not object to the

court's finding of aggravating factor twelve at sentencing.

Defendant, who was represented at trial by the same attorney who

represented him at sentencing, did not contest the judge's finding

 7 A-4573-13T1
of aggravating factor twelve or dispute that the victim was

obviously sixty years old. Consequently, we review the argument

for plain error, that is, error clearly capable of reaching an

unjust result. R. 2:10-2.

 As we noted in our original opinion, the trial court found

no mitigating factors when it sentenced defendant. Marcelo, supra,

No. A-4573-13, (slip op. at 17). Moreover, the attorney who tried

the case did not contest the court's finding of aggravating factor

twelve at sentencing, and appellate counsel has submitted on the

appellate record no evidence to the contrary, despite the trial

court's reference to a video. For those reasons, we cannot find

plain error in the trial court's finding of aggravating factor

number twelve. We therefore affirm defendant's convictions and

sentence.

 Affirmed.

 8 A-4573-13T1